NEW-YORK,
Nov. 1809.

JACKSON
v.
SMITH.

———◦❀◦———

JACKSON *against* SMITH, Sheriff, &c.

THIS was an action on the case. The declaration stated, that an action of ejectment was commenced in this court, in *November* term, 1806, by the plaintiff, on the demise of *Christopher Humphrey*, against *John Stiles;* and that one *Oliver Brown*, the tenant in possession, appeared and was made defendant, in the place of the casual ejector, and entered into the usual consent rule. That at the circuit held in the county of *Seneca*, on the 22d of *June*, where the said cause was noticed for trial, the said *Oliver Brown* refused to appear, and confess

Where, on the non-payment of costs, on a judgment by default, against the casual ejector, in ejectment, by *A.* the tenant who had entered into the consent rule, an attachment was issued to bring *A.* before the court, to answer, &c. and the sheriff to whom the attachment was issued arrested *A.* but while he

was in custody was served with an order for his discharge, made by the court of common pleas, to whom *A.* had petitioned for a discharge, pursuant to the "act for the relief of debtors, with respect to the imprisonment of their persons;" and the sheriff accordingly discharged *A.* from his custody; in an action brought against the sheriff by the plaintiff in the action of ejectment, it was held, that the order of the court of common pleas was void, as *A.* was not in custody on a conviction for a contempt, but only to answer; and that the sheriff was liable for the amount of the costs recovered against *A.*

lease, entry and *ouster*, according to his stipulation in the consent rule, by reason whereof the plaintiff could not further prosecute his suit, but became nonsuit; that at the next *August* term, the plaintiff took a judgment by default against the casual ejector, agreeable to the terms of the consent rule, as appears, &c. and the costs thereon were, afterwards, taxed at 63 dollars and 79 cents, and were duly demanded of the said *Brown*, who refused to pay the same; that such proceedings were thereupon had; that, in the term of *November*, 1807, it was ordered by this court, that an attachment should issue against the said *Brown* for his contempt, in not paying the said costs; that in pursuance of such order, a writ of attachment was made out and delivered to the defendant, as sheriff of the county of *Seneca*, on the 11th *January*, 1808, commanding him to attach the said *Brown*, &c. so that he might have his body before the justices, &c. of this court, at, &c. on the 8th *February*, to answer, &c. That the defendant, afterwards, and before the return of the attachment, arrested the said *Brown*, and had him in his custody. Yet the defendant, afterwards, contriving, &c. on the 5th *February*, 1808, without the consent of the plaintiff, suffered the said *Brown* to go at large, out of his custody, &c. by reason whereof, &c. and therefore, &c.

The defendant pleaded in bar, that while the said *Brown* was in his custody, on the said attachment, the court of common pleas of the county of *Seneca*, on the petition of the said *Brown*, and pursuant to the act for the relief of debtors, with respect to the imprisonment of their persons, made an order for the discharge of the said *Brown*, from the custody of the defendant, on the said attachment; and that, on the same day, the defendant being served with a copy of the said order, he, in obedience thereto, discharged the said *Brown* from out of his custody, on the said attachment; and this, &c.

To this plea the plaintiff demurred, and the defendant joined in demurrer.

*Per Curiam.* The court of common pleas discharged *Brown* upon the supposition, that he was in custody after a conviction of a contempt, for not paying the costs of the action in ejectment, pursuant to the stipulation in the consent rule. In this they were mistaken. The attachment, by virtue of which he had been arrested, was nothing more than a process to bring him into court, to answer the interrogatories which, upon the return of it, were to be exhibited against him. This is necessary to be done in every case, before a party can be convicted of a contempt. If the answers to the interrogatories show that no contempt has been committed, the party is entitled, at law, to his discharge; but if the contempt be admitted, the court proceed to pronounce such judgment as the circumstances of the case may require. If he is ordered to be committed, then, and not before, is he in custody upon a conviction. (4 *Bl. Com.* 483.) The court of common pleas, therefore, interfered prematurely, and their discharge is void.

The plaintiff is entitled to judgment.

Judgment for the plaintiff.